**LUCENT TECHNOLOGIES, INC., Plaintiff,**

v.

**Daniel B. TYMANN, Nathan J. Tymann, David B. Ashley, Karen M. Ashley, Visalkumar J. Patel, Meredith A. Hatten, Molly A. Broadley, Brenda A. Conkel, Michael A. Hickey and James F. Wholley, Defendants.**

**Civ.A.No. 00–11205–EFH.**

United States District Court, D. Massachusetts.

Aug. 1, 2000.

---

undisputed. *See* 143 Ariz. at 355, 694 P.2d 181.

Michael B. Keating, Foley, Hoag & Eliot, Boston, MA, for Lucent Technologies, Inc., Plaintiffs.

Geoffrey R. Bok, Stoneman, Chandler & Miller, Boston, Franklin Brockway Gowdy, Gregory Louis Lippetz, Brobeck, Phleger & Harrison, San Francisco, CA, for Daniel B. Tymann, Nathan J. Tymann, David B. Ashley, Karen M. Ashley, Vimalkumar J. Patel, Meredith A. Hatten, Molly A. Broadly, Brenda A. Conkel, Michael A. Hickey, James F. Wholley, Defendants.

### ORDER

HARRINGTON, District Judge.

The Court has heard oral argument on July 24, July 25 and July 26, 2000, on Plaintiff Lucent Technologies, Inc.'s Motion for Preliminary Injunction to enforce its "non-competition" and "non-disclosure" agreements against the ten named defendants, its former employees, now employed by plaintiff's competitor, Cisco Systems, Inc.

Lucent Technologies, Inc.,and Cisco Systems, Inc., are both involved in the optical networking industry and in the development, manufacture and sale of so-called DWDM optical networking equipment.

After a review of the records filed in the case, the Court finds that there is no evidence that any of the defendants has disclosed any proprietary or confidential information of the plaintiff to Cisco Systems, Inc., and also finds that the nature of the functions that the defendants will be performing at Cisco Systems, Inc., over the next five months will not actually involve them in positions affording them the opportunity to disclose any of plaintiff's proprietary or confidential information.

The functions of all of the defendants, except the Ashleys, will be related exclusively to the process of manufacturing DWDM optical networking equipment which was recently acquired by Cisco Systems, Inc., from Pirelli Optical Systems, which had designed, manufactured and sold this highly developed and sophisticated equipment since 1998. This DWDM equipment acquired from Pirelli Optical Systems is a much more highly developed and complex product than the plaintiff's.

The Defendant David B. Ashley's function will be to insure that other Cisco Systems, Inc. DWDM equipment obtained by its acquisition of other manufacturing companies are now manufactured in accordance with Cisco Systems, Inc.'s presently existing integrated and systematic manufacturing plan. These other Cisco Systems, Inc. DWDM products are relatively simple and uncomplicated mechanisms in comparison to the equipment Cisco Systems, Inc. has already acquired from Pirelli Optical Systems.

The Defendant Karen M. Ashley will be involved in the merchandising of Cisco Systems, Inc.'s DWDM equipment throughout the world.

*None of the ten defendants will be engaged in either the manufacturing or testing of any DWDM optical networking equipment under research and develop-*

*ment at Cisco Systems, Inc., and there is no evidence that the defendants have caused the plaintiff any actual harm.*

The Court declines to grant Plaintiff's Motion for Preliminary Injunction on the ground that, in balancing the hardships between the parties, as the Court is required by law[1] to do in considering the issuance of a preliminary injunction, the Court finds that the plaintiff's interest in enforcing specific performance of its employment contracts at this time prior to a trial on the merits does not outweigh the defendants' interests in pursuing and obtaining gainful employment up to their full earning capacity.[2]

It is noted that the plaintiff still has a viable cause of action against the defendants for money damages for any breach of its employment contracts which it is able to establish at trial. If, during the discovery process, the plaintiff discovers that defendants are actually disclosing proprietary or confidential information in rendering services to Cisco Systems, Inc., the Court shall entertain a renewed Motion for Preliminary Injunction. The defendants are well aware that they are contractually obligated not to disclose to Cisco Systems, Inc. any proprietary and confidential information which they gained while employed by the plaintiff.

Motion for Preliminary Injunction is denied.

SO ORDERED.

---

1. *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15–16 (1st Cir.1996).

2. The "non-competition" contracts do not prevent the defendants from being employed by Cisco Systems, Inc., but do prohibit them for nine months (five months remaining) from rendering services relating to any product which resembles a product about which they had gained proprietary or confidential information while employed by the plaintiff. Defendants vigorously contest the continuing validity of the "non-competition" contracts on the basis of "non-competition guidelines" issued by the plaintiff.